GREMILLION, Judge,
dissents and assigns written reasons.
|!While La.R.S. 13:4232 does not bar a subsequent action for modification based on a material change of circumstances pursuant to Article 114, res judicata is still applicable if the factual circumstance has already been litigated. Based on my comparison of Regina’s testimony from the December 2009 hearing to the claim she is currently making, the trial court did not err in finding that her action is barred by res judicata since the claims are identical.
At the 2009 hearing, Regina argued that an assortment of medical problems, including bipolar disorder, prevented her from working. She testified regarding her bipolar disorder numerous times at the hearing:
Q. Okay. What actual treatment are you currently receiving from her?
A. Treatment for mood disorder; as well — specifically Bipolar Type 2; as well as—
The trial court was well aware of Regina’s bipolar illness:
THE COURT: ... Did that doctor prescribe any medication at all for you, ma’am, for depression?
[[Image here]]
THE WITNESS: Cymbalta, Wellbutrin, and I also take Tegretol as a mood stabilizer.
THE COURT: Okay: For your depression.
*1293 JjTHE WITNESS: That’s for the bipolar disorder.
THE COURT: Bipolar disorder.
A vocational rehabilitation expert testified as to Regina’s employment potential and the following exchange occurred between the trial judge and the expert witness:
THE COURT: Dr. Orazio — There was some testimony that she was being treated by Dr. Orazio who obviously, apparently, was a major healthcare provider for her—
THE WITNESS: Right.
THE COURT: —because of her mental health illness.
THE WITNESS: Yes, sir[.]
THE COURT: And at no point in time were you told that Dr. Orazio was treating this lady?
THE WITNESS: That’s correct.
THE COURT: Notwithstanding the fact that this is a major — obviously a major illness.
The trial court again mentioned Regina’s “underlying mental illness” as having initiated when she was a teenager. Further, the deposition of Regina’s treating doctor, Dr. William A. Dupon, was submitted into evidence. Dr. Dupon treated Regina for depression since 2004. Her history of depression and mood disorder medications are noted throughout the record, along with notations of bipolar disorder. In brief, Regina claims that her “disabling bipolar disorder with depression could not have been litigated in December, 2009, because it did not exist in December, 2009.” This allegation is plainly contradicted by the record and Regina’s own testimony.
It is clear from my review of the record that the trial court was fully aware of Regina’s mental illness, including her diagnosis of bipolar disorder, at the 1 ¡¡December 2009 hearing. The substance of the 2009 hearing was that Regina could not work due to her various physical and mental conditions, including bipolar disorder. The current pleadings offer no new claims or change of circumstances.
Under the majority’s interpretation, there are scarcely any circumstances under La.R.S. 13:4232(B) in which res judica-ta would apply. According to the majority’s reasoning, a former spouse need only utter the phrase “a material change of circumstances,” like a talisman, in order to be afforded a full hearing regardless of whether the claim has already been litigated. This is contrary to the exception noted by the plain language of La.R.S. 13:4232(B). Accordingly, I respectfully dissent from the majority’s opinion.